HANS H. AND CHERYL E. HAMMANN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hammann v. Commissioner
Docket No. 15779-88
United States Tax Court
T.C. Memo 1989-361; 1989 Tax Ct. Memo LEXIS 360; 57 T.C.M. (CCH) 1045; T.C.M. (RIA) 89361; July 24, 1989
Richard E. Schneyer and Herta von Stiegel, for the petitioners. Terry W. Vincent and Dale Zusi, for the respondent. PANUTHOS
MEMORANDUM FINDINGS OF FACT AND OPINION PANUTHOS, Special Trial Judge: This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction. [1] Respondent seeks dismissal on the ground that the petition was not filed within the time prescribed by section 6213(a). *361 In his notice of deficiency dated October 6, 1987, respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1982 in the amount of $ 2,986. Respondent also determined additions to tax under section 6653(a)(1) in the amount of $ 149.30 and under section 6653(a)(2) in the amount of 50 percent of the interest due on the deficiency. The notice of deficiency was sent by certified mail to petitioners on October 6, 1987, to 2723 40th Avenue, San Francisco, California 94116. A duplicate original of the notice of deficiency was sent to Freise Hindenburgestrasse, 8134 Pocking/066, West Germany, by registered mail on October 6, 1987. The petition was filed on June 20, 1988, which date is 258 days after the mailing of the notice of deficiency. The envelope in which the petition was contained reflects a foreign postmark. The date reflected next to the signature on the petition is June 14, 1988. At the time of filing the petition herein, petitioners resided in West Germany. It is well settled that in order to maintain an action in this Court there must be a valid notice of deficiency and a timely filed petition. . *362 It is clear that the petition in this case was not timely filed. Sec. 6213(a); . Petitioners allege, however, that the notice of deficiency was not sent to their last known address. Thus, since petitioners claim that no valid notice of deficiency was issued to them at their last known address we must decide whether this matter should be dismissed against petitioners for failure to file a timely petition or against respondent for failure to issue a valid notice of deficiency. Ward v. Commissioner, 92 T.C. (May 10, 1989). We have consistently held that a taxpayer's last known address is defined as "the last known permanent address or legal residence of the taxpayer, or the last known temporary address of a definite duration or period to which all communications during such period should be sent." ; . * * * [; emphasis in original.] The taxpayer's last known address is that address to which, in light of all surrounding *363 facts and circumstances, respondent reasonably believed the taxpayer wished the notice of deficiency to be sent. . We recently held that a taxpayer's last known address is that address which appears on the taxpayer's most recently filed return, unless respondent is given clear and concise notification of a different address. . With these principles in mind, we consider the allegations and arguments of the respective parties. Petitioner Hans H. Hammann filed individual Federal income tax returns for the taxable years 1980 and 1981. For the taxable years 1982 through 1985, petitioners filed joint Federal income tax returns. An examination of the 1983 Federal income tax return was made, including carrybacks claimed therein to the tax years 1980, 1981, and 1982. In November 1986, the agent conducting the examination was informed by petitioners' representative, Mr. Tom, who had executed a power of attorney, that petitioners had moved to Germany. The agent was provided with an address in Germany. In December 1986, the Internal Revenue Service (hereinafter IRS) San *364 Francisco office was moved from 333 Market Street, San Francisco, to 450 Golden Gate Avenue, San Francisco. Mr. Tom was notified of the change of the IRS office address. On February 17, 1987, the agent assigned to the examination of the returns sent a letter to petitioners at the address in Germany provided by Mr. Tom. The letter was not returned as undeliverable nor did respondent receive a response from petitioners. On May 21, 1987, the agent confirmed with Mr. Tom the accuracy of the address of petitioners in Germany. Mr. Tom advised, however, that he had been unsuccessful in his attempts to communicate with petitioners. On June 1, 1987, the agent forwarded a letter and a Form 872-A to petitioners at their address in Germany. No response was received from petitioners nor was the letter returned to respondent as undeliverable. Three separate notices of deficiency were sent to petitioners on October 6, 1987. A notice was mailed to Hans Hammann for the 1980 and 1981 tax years. The second notice was mailed to petitioners for the 1982 taxable year. The third notice was mailed to petitioners for the taxable years 1983, 1984, and 1985. Each of the notices was addressed to petitioners *365 at 2723 40th Avenue, San Francisco, CA 94116 and also to petitioners at C/O Friese Hindenburgestrasse, 8134 Pocking/006, West Germany. The notices for the 1980 and 1981 tax years were sent to petitioner Hans Hammann individually. The notice for 1980 and 1981 did not include the word "Friese" in the duplicate original sent to Germany. With respect to the notices of deficiency for the taxable years 1980 and 1981 and 1983 through 1985, a timely petition was filed at docket No. 1384-88 on January 21, 1988. With respect to the 1982 year, as previously discussed, the petition was filed on June 20, 1988. Petitioners argue that they forwarded letters to the IRS on April 21, 1987, and July 29, 1987, reflecting an address change. A copy of the July 29, 1987, letter was attached to petitioners' objection. Petitioners further explained that their mail was delivered to a Mrs. Friese, an elderly lady who neither reads nor speaks English. Petitioner states that attempts to contact his representative, Mr. Tom, were unsuccessful after December 1986. Petitioners point out that their letters were mailed to the IRS at its old address, 333 Market Street, since they were unaware that the IRS had *366 moved its offices. Petitioners state that neither of these two letters were returned to them as undelivered. With respect to the address to which the notices were sent, petitioners argue that their correct address until July 1987 should have read c/o Friese, Hindenburgestrasse 26, 8134 Poecking, Obb., West Germany. Petitioners state that their correct address after July 1987 was Postfach 68, 8134 Poecking, Obb., West Germany. Petitioners further contend that the addresses were provided to Mr. Tom and to the IRS. Petitioners conclude that respondent had their correct address and failed to send a notice of deficiency to this address. There is nothing in this record indicating that respondent was on notice of an address different from that to which he sent the notice of deficiency. The determination of a taxpayer's last known address depends on respondent's knowledge at the point when he mailed the deficiency notice, not the taxpayer's actual address. Monge v. Commissioner, 93 T.C. (July 12, 1989); , affd. without published opinion . Without clear and *367 concise notification that petitioners had changed their address, respondent was justified in believing that the address he had in his records was petitioners' last known address. , affg. an order of dismissal of this Court; ; . In this case, there is no objective confirmation of receipt of any notification of a change of address. To that extent, this case is distinguishable from cases such as , revg. and remanding an order of this Court; ; ; and . In all of those cases the record revealed that the IRS was aware of a change of address. Petitioners have failed to carry their burden of proof to establish that clear and concise notice of a change of address was given to respondent. We also note that petitioners received two of the three notices *368 of deficiency sent to the address in Germany. The notice of deficiency for the taxable years 1980 and 1981 did not include the name "Friese". It thus appears that the address to which the notices of deficiency were mailed were reasonably calculated to reach the intended recipient. While we cannot explain why petitioners would not have received the notice for 1982, the validity of the notice does not depend upon receipt by the taxpayer, but rather upon proper mailing. ; . It appears that petitioners may have contributed to the confusion concerning their proper address since their own accountant had the same address as the IRS agent and was also unsuccessful in communicating with them. We do not believe that respondent was responsible for the breakdown in communications. Based on this record, petitioners have failed in their burden of establishing that they gave clear and concise notification of a change of address to respondent. Respondent's motion to dismiss for lack of jurisdiction will be granted. An order of dismissal for lack of jurisdiction *369 will be entered. Footnotes
1. This case was assigned pursuant to sec. 7443A and Rule 180. All section references are to the Internal Revenue Code as in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩